**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

YOLANDA KAY WOODFORK,      )
                                   )
               PLAINTIFF,     )
                                   )
VS.                        )    CASE NO. 13-CV-572-FHM
                                   )
CAROLYN W. COLVIN, Acting     )
Commissioner of the Social Security   )
Administration,              )
                                   )
              DEFENDANT.    )

## OPINION AND ORDER

Plaintiff, Yolanda Kay Woodfork, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards.   *See Briggs ex rel. Briggs v.*

---

[1] Plaintiff Yolanda Kay Woodfork's application was denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ) Lantz McClain was held June 21, 2010.  The ALJ 's decision dated July 14, 2010 denied benefits to Plaintiff.  The Appeals Council remanded Plaintiff's case to the ALJ to offer Plaintiff an opportunity for a hearing and to take further action needed to complete the administrative record, and to issue a decision. [R. 121-122].  Plaintiff appeared for hearing before the ALJ on July 22, 2011.  By decision dated November 2, 2011, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on July 2, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

*Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10t Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 36 years old on the alleged date of onset of disability and 39 years old on the date of the ALJ's denial decision.  She has an 11th grade education and previously worked as a certified nurse aide and housekeeper.  Plaintiff claims to have been unable to work since November 30, 2008  due to sarcoidosis, asthma, allergies, glaucoma, high blood pressure, high cholesterol, migraines, and arthritis. [R. 355].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to sarcoidosis, asthma, obesity, and depression with anxiety. [R. 17].  The ALJ further determined that

Plaintiff has the residual functional capacity (RFC) to perform sedentary[2] work with the exception that she may occasionally lift and carry 10 pounds and frequently lift and carry less than 10 pounds; she may sit about 6 hours in an 8-hour workday; she should not constantly use her hands for such repetitive tasks as keyboarding; she is limited to simple, repetitive tasks, and have no more than incidental contact with the public.   [R. 20].

Although Plaintiff was unable to perform her past relevant work and her ability to perform work at all exertional levels is limited, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 23-24]. Therefore, the ALJ found that the Plaintiff was not disabled.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ erroneously rejected the opinions of the medical expert and the vocational expert.

### Analysis

Plaintiff argues that the decision should be reversed because although the ALJ stated he gave the greatest weight to the testimony of medical expert, Dr. Don R. Clark, M.D., the RFC assessment failed to reflect Dr. Clark's opinion which Plaintiff contends should have included a sit/stand option. [Dkt. 25, p. 5-8].  It is the Commissioner's position

---

[2]  Sedentary work involves lifting no more than 10 pounds at a time, no more than 2 hours of walking and standing a day, and 6 hours of sitting a day.  Social Security Ruling (SSR) 83-10: *see* 20 C.F.R. §§ 404.1567(a), 416.967(a)(2012).

that Dr. Clark was not of the opinion Plaintiff required a sit/stand option. Dr. Clark's

testimony was as follows:

> Q.  Did you see any need in the record for the claimant to change her position from sitting to standing at will, to relieve pain or discomfort?

> A.  I don't have any notes of that. The only thing I did note in November 2006 is they recommended that she have exercise, and at her weight, I would not be surprised if she should to be comfortable would have to change position frequently. That's a lot of weight on the spine and the muscles. So, that sounds reasonable to me.

[R. 79-80].    The court finds that Dr. Clark did not testify that Plaintiff required a sit/stand

option. He simply surmised that frequently changing positions would allow Plaintiff to be

more comfortable. Dr. Clark testified that Plaintiff was limited to sedentary work "primarily

because of her obesity and some painful knees," [R. 71], which was reflected in the ALJ's

RFC assessment. [R. 20]. The ALJ thoroughly analyzed the medical evidence, including

the quoted testimony of Dr. Clark, and concluded that the evidence supported a finding that

Plaintiff could perform sedentary work with some restrictions, which did not include a

sit/stand option. The court finds no error in the ALJ's evaluation of Dr. Clark's opinion.

There is no merit to Plaintiff's assertion that the ALJ was required to re-contact Dr.

Clark to present him with additional exhibits. [Dkt. 25, p. 8]. Plaintiff does not discuss the

content of those exhibits or demonstrate how they impact the evidentiary support for the

ALJ's RFC.[3]  It is Plaintiff's duty on appeal to support her arguments with references to the

record and to tie relevant facts to her legal contentions. The court will not "sift through" the

---

[3] Plaintiff does make some mention of a positive Tinel's and Phalen's sign in these records, which relates to carpal tunnel syndrome, but the RFC includes a limitation in Plaintiff's use of her hands.

record to find support for the claimant's arguments.  *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

Plaintiff's argument concerning rejection of vocational expert testimony relates to the effect of a sit-stand option and to restrictions on repetitive use of hands.  Plaintiff also argues that the ALJ erred in finding she could work because the vocational expert was asked whether jobs existed if "no repetitive activity bilaterally" could be performed and all work was eliminated when that restriction is added. [R. 88-89].  The restriction of "no repetitive activity bilaterally" does not reflect limitations found by Dr. Clark in the RFC finding.  The ALJ included the limitation of less than constant use of the hands for tasks such as keyboarding. [R. 20, 87-88].

An ALJ is not required to accept the vocational expert's response to a hypothetical question that includes unsupported limitations.  See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (the ALJ is not bound by the vocational expert's opinion in response to a hypothetical question which includes impairments that are not accepted as true by the ALJ).  The court finds no error in the ALJ's rejection of the vocational expert's testimony that was based on the necessity of a sit/stand option and no repetitive use of hands.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 6th day of March, 2015.

_Frank H. McCarthy_

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE